UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



JDS TECHNOLOGIES, INC.,
a Michigan corporation,

    Plaintiff,

vs.                                    Case No. 15-10385

AVIGILON USA CORPORATION,        HON. AVERN COHN
a Delaware corporation and AVIGILON
CORPORATION, a Canadian corporation,

    Defendants.
_____/

## MEMORANDUM AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS (Doc. 13)

### I. Introduction

This is a patent case. Plaintiff JDS Technologies, Inc. (JDS) has filed a 59-page complaint alleging patent infringement against defendants, Avigilon USA Corporation, Inc. and Avigilon Corporation (collectively, Avigilon). JDS and Avigilon are competitors in the area of video management software and systems. The software, more particularly, provides for accessing and displaying camera images commonly used in security and surveillance applications. The complaint claims that Avigilon has directly, indirectly,[1] and wilfully[2] infringed U.S. Patent No. 6,891,566 (the '566 patent) and U.S.

---

[1] "Indirect infringement can occur when a party aids or abets direct infringement by others." Herbert F Schwartz and Robert J. Golden, Patent Law and Practice Seventh Edition §6.I.C.2 (Fed. Judicial Center 2011). The terms indirect infringement and induced infringement are often used interchangeably. See id.

[2] For wilful infringement, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted

Patent 8,185,964 (the '964 patent).

Before the Court is Avigilon's motion to dismiss[3] on the grounds that the complaint fails to contain allegations to support a plausible claim for indirect infringement and willful infringement.[4] Avigilon says that an indirect infringement claim and a wilful infringement claim both requires that a defendant have *knowledge of the asserted patent before the complaint is filed*. Avigilon says that the complaint falls short because it does not claim that Avigilon had the requisite knowledge of the patents before the complaint was filed.[5]

For the reasons that follow, the motion will be denied.

## II. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). The court is "not bound to accept as true a

---

infringement of a valid patent." In re Seagate Tech., LLC, 497 F.3d 1360, 1368 (Fed. Cir. 2007).

[3] Avigilon initially moved for dismissal on the grounds that Form 18 of the Federal Rules Appendix of Forms requires that a plaintiff must provide written notice of a patent to a defendant prior to filing a complaint for infringement. Following a discussion with the parties, Avigilon withdrew the argument without prejudice. See Doc. 22.

[4] As counsel for Avigilon stated at the hearing, it does not challenge that the complaint pleads a claim for direct infringement.

[5] Avigilon does not argue that JDS's claims for indirect or willful infringement are deficient for any reason than the deficiencies of the complaint language as to knowledge.

legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 678 (internal quotation marks and citation omitted).

III. Analysis

A.

To state a claim for patent infringement, "a patentee need only plead facts sufficient to place the alleged infringer on notice. This requirement ensures that the accused infringer has sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself." Venture, Inc. v. Cellco Partnership, 2011 WL 207978, at *2 (N.D. Cal. Jan. 21, 2011) (quoting Phonometrics, Inc. v. Hospitality Franchise Systems, Inc., 203 F.3d 790, 794 (Fed. Cir. 2000)) (internal quotations omitted).

Assuming that pre-suit knowledge is required in order to sufficiently plead a claim for indirect or induced infringement,[6] the complaint contains the following allegations regarding Avigilon's pre-suit knowledge of the patents-in-suit:

---

[6] In Service Solutions U.S., LLC v. Autel U.S. Inc., 13-10534, 2013 WL 5701063 (E.D. Mich. Oct. 18, 2013), a judge in this district examined the competing views in the district courts on whether pre-suit knowledge must be alleged in order to plead induced or indirect infringement and concluded that pre-suit knowledge need not be plead to in order to state a plausible claim for induced infringement. Service Solutions has been stayed pending inter partes review. (Doc. 49). Conversely, two other cases from this district have held, among other things, that pre-suit knowledge must be plead in order to meet the basic pleading requirements. See Addiction & Detoxification Institute, LLC v. Carpenter, 14-10026, 2014 WL 3819349 (E.D. Mich. Aug. 4, 2014); Littelfuse, Inc v. Pacific Engineering, Corp., 2013 WL 4026918 (E.D. Mich. Aug., 7, 2013). Plaintiff did not appeal the dismissal in Addiction & Detoxification. Plaintiff appealed the dismissal in Littelfuse; the appeal is pending in the Court of Appeals for the Federal Circuit.

17. **JDS and Avigilon are competitors for the sales of video management software.**

18. **Avigilon is a large and sophisticated company and is aware of the intellectual property rights of others in the video management software industry.** On its website at www.avigilon.com, Avigilon states that it provides "industry-leading HD network video management software and megapixel cameras [that] are reinventing surveillance." See www.avigilon.com/about. Upon information and belief, Avigilon regularly conducts searches for patents related to its products. **Thus, a reasonable inference is that Avigilon is aware of the Patents-in-Suit.** Plaintiff asserts that this reasonable inference is true.

19. **JDS prominently marks its video management software with the Patents-in-Suit. JDS has marked its video management software with U.S. Patent No. 6,891,566 since shortly after its issuance in 2005. JDS has also marked its video management software with U.S. Patent No. 8,185,964 since shortly after its issuance in 2012. Thus, Plaintiff hereby asserts that there is a reasonable inference that Avigilon has had knowledge of the '566 and '964 Patents prior to the filing of this Complaint.** Plaintiff asserts that this reasonable inference is true.

20. **JDS and Avigilon both regularly attend industry trade shows and have done so for several years.** Upon information and belief, employees or associates of Avigilon have visited JDS's display at trade shows including ISC West, ISC East, and ASIS. **At the trade shows, JDS prominently displays its products and the patent numbers of the '566 and '964 Patents in its materials. It is, therefore, reasonable to infer that Avigilon has had knowledge of the Patents-in-Suit prior to the filing of the Complaint in this lawsuit.** Plaintiff asserts that this reasonable inference is true.

21. **Avigilon has knowledge of Plaintiff's video management software and Plaintiff's patents and has for several years.**

22. **On May 24, 2012, JDS filed a lawsuit for patent infringement against Milestone Systems, Inc. and its parent company Milestone Systems A/S (collectively "Milestone"). Milestone is a direct competitor of both JDS and Avigilon. The lawsuit involved both the '566 and '964 Patents and obtained a fair amount of press coverage in the industry throughout the course of the litigation. Accordingly, Plaintiff hereby asserts that it is a reasonable inference that Avigilon had knowledge of the '566 and '964 Patents prior to the filing of this Complaint.** Plaintiff asserts that this reasonable inference is true.

(Doc. 1 at ¶¶ 17-22.) (Emphasis added).

Although Avigilon characterizes these allegations as merely "conclusory facts," a fair reading of the complaint offers a plausible basis from which a lawyer might reasonably infer that *Aviligon had knowledge of the patents-in-suit—and that their acts may constitute infringement—prior to this litigation*. JDS alleges they are competitors, that Avigilon is aware of JDS patents and technology from JDS' marketing, appearance at trade shows, as well as prior publicized litigation involving the patented technology.[7] This is all that is required to plead a claim for indirect or induced infringement . See, e.g., Trading Techs. Int'l, Inc. v. BCG Partners, Inc., 2011 WL 3946581, at *3 (N.D. III. Sept. 2, 2011) ("[P]utting Global-Tech together with Iqbal, the question before the Court on defendants' motions to dismiss is whether [the plaintiff] has plead sufficient facts. . . for the Court to infer that the defendants had knowledge of [the patents-in-suit] and that their products infringed on those patents.").[8]

B.

---

[7] See Marchese and JDS v. Milestone Sys. A/S, 12-12276 (E.D. Mich. 2012). In Milestone, the case was dismissed on agreement of the parties following Markman proceedings and discovery.

[8] In a supplemental filing (Doc. 24), Avigilon notified the Court of the Supreme Court's recent opinion in Commill USA, LLC v. Cisco Systems, Inc., Slip Opinion No. 13-896 (May 26, 2015). In Commill, the Supreme Court addressed the question of whether a defendant's good faith belief that a patent is invalid is a defense to an induced infringement claim. The Supreme Court held it was not. While this issue has no bearing on the issue presented in Aviligon's motion, Avigilon says the opinion is relevant "because it involves the standard for induced infringement." While there is language in the Supreme Court's opinion regarding what is required to make out an induced infringement claim–knowledge of the patent and knowledge that the defendant knew its acts were infringing, the decision was not aimed at pleading requirements. Moreover, as explained above, the complaint has alleged facts to support the assertion that Avigilon had knowledge of the patents. It has also alleged facts to support that Avigilon had knowledge that its accused devices were infringing. See Doc. 1 at ¶¶ 104-142.

To state a claim for willful infringement, the plaintiff must provide "a pleading equivalent to 'with knowledge of the patent and of his infringement.' " Milwaukee Elec. Tool Corp. v. Hitachi Koki, Ltd., 2011 WL 665439, at *5 (E.D. Wis. Feb. 14, 2011) (quoting Sentry Prot. Prods. Inc. v. Eagle Mfg. Co., 400 F.3d 910, 918 (Fed. Cir. 2005)) (internal quotations omitted). Therefore, to plead willful infringement, a party must make out "the barest factual assertion of knowledge of an issued patent." Venture, 2011 WL 207978, at *2.

As set forth above, the complaint states sufficient facts to support a claim for willful infringement of the patents by making a "bare" factual assertion that Avigilon had knowledge of the patents prior to suit. In Sony Corp. v. LG Electronics U.S.A., Inc., 768 F. Supp. 2d 1058, 1064 (C.D. Cal. 2011), the court held that where the plaintiff identified the specific accused products and alleged that the defendant received actual notice of the patents in suit, the plaintiff stated a claim for willful infringement. Here, as in Sony, JDS has identified the accused products and alleges that Avigilon was aware of the patents. The complaint has therefore alleged sufficient facts to support a plausible claim for willful infringement.

Avigilon also relies on the Federal Circuit's decision in In re Seagate Tech., LLC., 497 F.3d 1360 (Fed. Cir. 2007), to argue that to plead a claim for willful infringement, a party must plead facts to support a plausible claim that the infringer acted despite an "objectively high likelihood that its actions constituted infringement of a valid patent" and that the infringer acted in reckless disregard of the plaintiff's patents. However, Seagate addressed the requirements for *proving*, not pleading, willful infringement. See Seagate, 497 F.3d at 1371 ("to *establish* willful infringement, a patentee must *show*

by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its action constituted infringement of a valid patent") (emphasis added).

Other district courts have likewise interpreted <u>Seagate</u> as discussing a proof standard, not a pleading standard. <u>See, e.g.</u>, <u>Oracle Corp. v. DrugLogic, Inc.</u>, 807 F. Supp. 2d 885, 902 (N.D. Cal. 2011)("<u>Seagate</u> did not substantively alter the pleading requirements for a willful infringement claim."); <u>Sony Corp.</u>, 768 F. Supp. 2d at 1064 ("plaintiff need not allege specific facts establishing objective recklessness under Seagate"); <u>Milwaukee Elec. Tool Corp.</u>, 2011 WL 665439, at *3 ("The defendants' reliance on <u>Seagate</u> for purposes of their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is misplaced. Although defendants are is correct in stating that <u>Seagate</u> sets forth the standard for establishing willful infringement, the defendants fail to recognize that <u>Seagate</u> is not controlling for purposes of pleading under Fed. R. Civ. P. 8(a)"); <u>Advanced Analogic Technologies, Inc. v. Kinetic Technologies, Inc.</u>, 2009 WL 1974602, at *2 (N.D. Cal. July 8, 2009) (rejecting defendant's reliance on <u>Seagate</u> because it addressed "the 'evidence' necessary 'to establish' willful infringement, not the prerequisites for pleading willful infringement"); <u>Rambus v. Nvidia Corp.</u>, 2008 WL 4911165, at *2 (N.D.Cal. Nov. 13, 2008) (rejecting defendant's reliance on <u>Seagate</u> because it addressed what is necessary to prove, not plead, a claim of willfulness).

Here, in addition to what has been said above, the complaint contains detailed allegations plausibly showing that Avigilon specifically intended that users of its software and/or systems infringe the patents-in-suit and that its products are especially made for use in combinations that are patented and infringing. <u>See</u> Doc. 1 at ¶¶ 25, 45, 64-98, and 105-139.

C.

In the end, the complaint is sufficient in detail to allege claims for indirect and wilful infringement. Whether the allegations will prove out after discovery and trial and whether JDS will otherwise prevail on its claims is for another day. The complaint as it stands surely survives dismissal under Fed. R. Civ. P. 12(b)(6). That is all that the Court must concern itself with at this point in the litigation.

V. Conclusion

For the reasons stated above, Avigilon's motion to dismiss is DENIED.

SO ORDERED.

_____
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 6/5/15
Detroit, Michigan