## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

**JDS TECHNOLOGIES, INC.,**
a Michigan corporation,

      **Plaintiff,**

**v.**

**Case No. 2:15-cv-10385-AC-EAS**
**Hon. Avern Cohn**
**Magistrate Judge Elizabeth A. Stafford**

**AVIGILON USA CORPORATION, INC.**, a Delaware corporation, and
**AVIGILON CORPORATION**,
a Canadian corporation,

      **Defendants.**

## PROTECTIVE ORDER

WHEREAS, Plaintiff JDS Technologies, Inc. and Defendants Avigilon USA Corporation, Inc. and Avigilon Corporation—hereafter referred to as "the Parties"—believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.   Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL." The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2.   Any document produced before issuance of this Order with the designation "Highly Confidential – Outside Attorneys' Eyes Only" shall be treated as

such unless and until such document is redesignated to have a different classification under this Order.

3.     With respect to documents, information or material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.     A designation of Protected Material (*i.e*., "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," both individually and collectively.

replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.     Prior to disclosing or displaying DESIGNATED MATERIAL to any person, counsel shall:

(a)     inform the person of the confidential nature of the information or documents; and

(b)     inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6.     "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party or upon order of the Court:

(a)     outside counsel of record in the above captioned action for the Parties ("Action");

(b)     employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)     in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d)     up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional

representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e)     outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that:   (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant or expert.  During that time period, the producing Party may object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert and the basis for the objection. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days  after providing such objection, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g)     the Court and its personnel.

7.     A  Party  shall  designate  documents,  information  or  material  as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

8.     Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified as DESIGNATED MATERIAL and subject to all of the terms and conditions of this Order.

9.     To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

10.    For Protected Material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 6(a-b) and (e-g).

11.    Any outside counsel, attorney representing a Party, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, except any experts or consultants who have signed Appendix A, who obtains, receives, has access to, or otherwise learns, in whole or in part, such DESIGNATED MATERIAL shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit

5

during the pendency of this Action and for two years after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to such DESIGNATED MATERIAL and any such individuals who prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patents-in-suit.

12. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may request the return or destruction of such documents, information or other material by promptly notifying the recipient(s) that it is asserting a claim for attorney-client privilege or work-product protection with respect to such information or document(s). Upon the receipt of any attorney-client privilege or work-product protection claim from the producing Party, the receiving Party must (within 15 calendar days of the receipt of the assertion of such claim) either: (a) agree in writing to the producing Party's assertion of such claim and return to the Producing Party any original document(s) (and destroy and not retain any copies of such original documents(s)) and

never make use of or otherwise disclose or publicize in any manner during the course of the litigation or otherwise any such document(s) or information that is the subject of such claim; or (b) inform the producing Party in writing that it objects to the assertion of such claim and the receiving Party agrees not to make use of or otherwise disclose or publicize in any manner any such document(s) or information that is the subject of such claim until the Court is afforded the opportunity to review and decide upon such claim in response to the receiving Party's request for adjudication of such claim by the Court. Upon the receipt of any attorney-client privilege or work-product protection claim from the producing Party, the receiving Party shall not be able to use the document or information for any purpose until either the Court decides that the attorney-client privilege or work-product protection claim does not have merit or the producing Party agrees to such use.

13.    There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14.    Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv)

a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15.    Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

16.    Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be

redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17.    The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court and the producing Party's ability to request that the Court close the Courtroom to any person or entity not authorized to access any DESIGNATED MATERIAL under this Order.

18.    A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19.    Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

20.    To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21.    To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order.

22.    Within thirty (30) days of a written request to so act following final termination of this Action, including any settlement or appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall promptly verify the return or destruction by affidavit furnished to the producing Party within sixty (60) days following such written request following final termination. However, outside counsel may retain pleadings, attorney and consultant

work product, depositions with exhibits and any other similar documents, including but not limited to, interrogatory responses for archival purposes.

23. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections including, but not limited to, relevancy and admissibility being hereby preserved.

24. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

11

2:15-cv-10385-AC-EAS   Doc # 31   Filed 06/29/15   Pg 13 of 15   Pg ID 442

27.   Nothing in this Order shall preclude or impede outside counsel's ability to communicate with or advise his/her client based on his/her review and evaluation of the DESIGNATED MATERIAL produced by the opposing party, providing that such communications shall not disclose or reveal such confidential information.

28.   Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**SO ORDERED.**

S/Avern Cohn

Dated:   June 29, 2015                        **HONORABLE AVERN COHN**
                                              U.S. District Court Judge

Approved as to form and substance

**BROOKS KUSHMAN P.C.**                  **MILLER CANFIELD, PADDOCK &**
By: /s/ Marc Lorelli                     **STONE P.L.C.**
Mark A. Cantor (P32661)                  By: /s/ A. Michael Palizzi with Consent
Marc Lorelli (P63156)                    A. Michael Palizzi (P47262)
Jonathan Nikkila (P75666)                Michael C. Simoni (P77042)
Todd W. Dishman (P77652)                 150 W. Jefferson Avenue, Suite 2500
1000 Town Center, 22nd Floor             Detroit, MI 48226
Southfield, Michigan 48075               Tel: (313) 963-6420
Tel: (248) 358-4400                      palazzi@millercanfield.com
mcantor@brookskushman.com                simoni@millercanfield.com
mlorelli@brookskushman.com
jnikkila@brookskushman.com               *Attorneys for Defendants*
tdishman@brookskushman.com

*Attorneys for Plaintiff*

12

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

**JDS TECHNOLOGIES, INC.,**
a Michigan corporation,

       **Plaintiff,**

**v.**                    **Case No. 2:15-cv-10385-AC-EAS**
                        **Hon. Avern Cohn**

**AVIGILON   USA   CORPORATION,**  **Magistrate Judge Elizabeth A. Stafford**
**INC.,** a Delaware corporation, and
**AVIGILON CORPORATION**,
a Canadian corporation,

       **Defendants.**

# APPENDIX A
# UNDERTAKING OF EXPERTS OR
# CONSULTANTS REGARDING
# PROTECTIVE ORDER

I, _____, declare that:

1.    My  address  is  _____.

My current employer is _____.

My current occupation is _____.

2.    I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that is disclosed to me.

APPENDIX A

4.      Promptly upon termination of this Action, I will return all documents and things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

APPENDIX A